

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1613 | **DATE** | 3/11/2003 |
| **CASE TITLE** | USA ex rel. Jermaine Gildon vs. Warden Edwin Bowen | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court" (Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court), and the Petition is therefore dismissed summarily (id.).

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 13 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SN | courtroom deputy's initials | date/time received in central Clerk's Office | date mailed notice | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
ex rel. JERMAINE GILDON )
#K-70233, )
)
Petitioner, )
) 03 C 1613
v. )
)
WARDEN EDWIN BOWEN, )
)
Respondent. )

DOCKETED
MAR 1 3 2003

MEMORANDUM OPINION AND ORDER

Jermaine Gildon ("Gildon") has filed a self-prepared Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. §2254,[1] seeking to overturn his state conviction for murder on which he is serving a 30-year sentence. In completing the District-Court-furnished form of Petition, Gildon has listed five grounds for relief, coupled with a brief elaboration of each of those stated grounds. In addition, he has supplemented the first two grounds with some exhibits.

Immediately upon receipt of the Petition, this Court obtained the two unpublished Illinois Appellate Court (Third District) orders that had rejected Gildon's challenges at the state court level: one in Dkt. No. 3-98-0980 dated December 16, 1999 ("Order I"), affirming Gildon's conviction on direct review, and the other in Dkt. No. 3-01-0056 dated December 12, 2001

---

[1] All further references to Title 28's provisions will simply take the form "Section --."

("Order II"), affirming the Circuit Court's dismissal of Gildon's post-conviction petition. Petition Part I ¶4(A) reflects that Gildon sought to pursue his direct appeal to the Illinois Supreme Court, but that leave to appeal from Order I was denied on April 5, 2000 (reported in table only at 188 Ill.2d 572, 729 N.E.2d 499). Petition Part II ¶1.I(a) reflects that Gildon also sought Illinois Supreme Court review of Order II, but leave to appeal was denied there as well on April 3, 2002 (reported in table only at 198 Ill.2d 622, 770 N.E.2d 222).

Although this Court's review of Orders I and II confirms that Gildon would be unsuccessful in his federal habeas effort in all events for one or more reasons that are applicable to each of the claimed grounds for relief, it is unnecessary to engage in that analysis because the Petition is clearly untimely. Here are the relevant statutory provisions in that respect--first Section 2244(d)(1)(A), and then Section 2244(d)(2):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review....
>
> \*        \*        \*
>
> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this instance the one-year limitations clock began to tick on July 6, 2000, the day after the July 5 expiration of the 90-day period for seeking certiorari to the United States Supreme Court from the Illinois Supreme Court's denial of leave for Gildon's direct appeal (see Anderson v. Litscher, 281 F.3d 672, 674-75 (7th Cir. 2002), just cited by the United States Supreme Court with apparent approval in Clay v. United States, 537 U.S. --, 2003 WL 716643, at *4 n.3 (U.S. Mar. 4, 2003)). That means that 76 days of the permitted one-year period had elapsed before Gildon's post-conviction petition was filed in the Circuit Court of Will County on September 21, 2001 (Petition Part II ¶ 1.B).

At that point the clock stopped pursuant to Section 2244(d)(2) during the pendency of Gildon's effort to obtain post-conviction review. But the clock began again immediately after the Illinois Supreme Court turned down the appeal from Order II on April 3, 2002 (see Gutierrez v. Schomig, 233 F.3d 490, 491-92 (7th Cir. 2000)[2]). And that in turn means that the remaining 289 days of the permitted one-year period to seek federal habeas relief under Section 2244(d)(1) ran out on January 17, 2003.

Gildon's Petition was not received in the Clerk's Office until March 5, 2003. Although Gildon did not date the Petition

---

[2] This Court does not view last week's decision in Clay, which parallels the reading of finality in Section 2255 with the corresponding provision in Section 2254(d)(1)(A), as calling for a revisit to the concept of pendency of post-conviction proceedings under Section 2254(d)(2), as construed in Gutierrez.

3

in the place provided in the printed form, there can be no question that he had placed it into the hands of the prison authorities for transmittal to this District Court well after the clock ran out on January 17. Accordingly "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court" (Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court), and the Petition is therefore dismissed summarily (id.).

                                           */s/ Milton I. Shadur*
                                      Milton I. Shadur
                                      Senior United States District Judge

Date: March 11, 2003